**FAUMUINA SUAFA`I SATELE, Plaintiff,**

**v.**

**TAUTOLO GALOSA and AMERICAN SAMOA POWER AUTHORITY, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 09-95
LT No. 31-95

November 30, 2001

Before RICHMOND, Associate Justice, ATIULAGI, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
For Defendant Tautolo Galosa, Arthur Ripley, Jr.
For Defendant American Samoa Power Authority, Roy J.D. Hall, Jr.

OPINION AND ORDER

Following the trial of these consolidated actions on July 13 and 14, 2000, the Court's Opinion and Order was entered on August 3, 2000. Plaintiff Faumuina Suafa`i Satele ("Faumuina") filed a timely motion for reconsideration or new trial. We heard this motion on August 31, 2000, and granted partial reconsideration without a new trial on November 6, 2000. Defendant Tautolo Galosa ("Tautolo") then filed a timely motion for reconsideration or new trial. We heard this motion on February 15,

2001, and granted a limited rehearing on March 1, 2001. The rehearing was held on April 23 and 27, 2001. Then, on June 28, 2001, we inspected the land at issue. All counsel were present at the hearing and site inspection.

## Discussion

We initially held that as between Faumuina and Tautolo, the entire land at issue, named "Agaoleatu" and located on the Island of Aunu'u, American Samoa ("the land at issue"), was the Tautolo family's communal land. We reconsidered this finding, following Faumuina's motion for this purpose, and revised the decision to hold that a particular portion of the land at issue was the Faumuina family's communal land. We were then persuaded, upon Tautolo's motion for reconsideration or new trial, that further evidentiary development was required on the specific factual issue of how the Faumuina family acquired title, if any, to any portion of the land at issue, as claimed by Faumuina and disputed by Tautolo.

At the time of granting this limited evidentiary hearing, the only associate judge previously serving on the panel for this case had fully retired to become a newly selected Senator in the Legislature of American Samoa. A new panel of associate judges was therefore constituted for the evidentiary rehearing. We further apprised the parties that the new panel of judges would review the entire record, and that we would amend or make new findings of fact and conclusions of law, as may be appropriate, and issue a new decision.

The newly constituted Court has considered the evidence presented at the evidentiary rehearing, its inspection of the land at issue, and the record of previous proceedings. We are persuaded that the Court's decision in effect upon entry of the Order Partially Granting Motion for Reconsideration and Denying New Trial on November 6, 2000, is correct with respect to the ultimate holding of the Faumuina family's title to a portion of the land at issue as its communal land.

It is now clear to us, however, that the Faumuina family did not acquire this portion of the land at issue from a Tautolo titleholder, but rather that a Faumuina titleholder on the family's behalf acquired this portion of the land, principally for the titleholder's sleeping quarters during visits to Aunu'u, in the customary manner of the time, by authority higher than the Tautolo title within the historical *matai* hierarchy of the original settlers of Aunu'u. We therefore reaffirm the Faumuina family's ownership of this portion of the land at issue as its communal land in accordance with the court's decision that became effective on November 6, 2000.

263

We are also persuaded that the Tautolo family originally came upon the land at issue, or the remaining portion of the land at issue, in a similar historical manner, perhaps even before the Faumuina titleholder was there. However, even if this occupancy preceded the Faumuina family's presence on the land at issue, the Faumuina family was given the right, by customary means, to succeed to the portion of the land at issue where the former Faumuina sleeping quarters and now a former Faumuina titleholder's grave are located, which we hold to be the Faumuina family's communal land. The Tautolo *matai* title is of lesser rank among the *matai* of Aunu'u and in relation to the Faumuina *matai* title in the county and territory.

Eventually, however, a Tautolo titleholder permitted members of the Fa'i family to share use of the remaining portion of the land at issue that the Tautolo family occupied after Faumuina titleholder entered the scene. The Tautolo and Faumuina families are not blood related. Neither are the Tautolo and Fa'i families. However, the Fa'i family is blood connected with the Faumuina family and owes ultimate allegiance to the Faumuina titleholder.

Nonetheless, the Tautolo and Fa'i families have, for the most part over a long period of time, lived together peacefully and harmoniously under this shared occupancy and use arrangement. The houses and other structures of both families on the remaining portion of the land at issue attest to this mutual accommodation. These improvements are also interspersed to an extent that defies finding any logical pattern of present control by either family of large contiguous portions of the remaining portion of the land at issue. Under these circumstances, while we are not satisfied by a preponderance of the evidence that the remaining portion of the land at issue is the Faumuina family's communal land, we are also not satisfied that this remaining portion continues to be solely the Tautolo family's communal land.

We are not about to create or recognize a new form of communal land ownership that might be styled, in common law terms, as a tenancy in common of two or more families. Rather, under the evidence, we only find that the Tautolo and Fa'i families have mutually assented to jointly or commonly occupy and use the remaining portion of the land at issue. On this basis, we will direct a proportionate sharing of the rent paid by the American Samoa Power Authority ("ASPA") under the leases for the water well and refuge disposal sites within the remaining portion of the land at issue. Evaluating the extent of occupancy and use by each family, we will direct ASPA to pay 60% of the rent to Tautolo and 40% of the rent to the Fa'i family.

During these proceedings, Faumuina surveyed and offered for title

264

registration approximately 6.301 acres of the land at issue. The Faumuina survey encompasses the portion of the land at issue that we are holding to be the Faumuina family's communal land. It also encircles ASPA's well site, but not ASPA's refuge disposal site. There were no objectors to Faumuina's offer to register the title except by Tautolo. In addition, though generally described, we left, in our order of November 6, 2000, the precise location of the boundary between the Faumuina family's communal land portion of the land at issue and the remaining portion of the land at issue undetermined until the parties successfully negotiated the boundary location or we established the location should the negotiations fail, and necessary resurveying was done. Accordingly, the Faumuina family's communal land, as determined by this decision, may be registered but only after the exact boundary issue is resolved.

Tautolo surveyed the entire land at issue, approximately 23.333 acres, but he has not yet offered to register the title. The Tautolo survey surrounds both the water well site and refuge disposal site. As of now, we will not, and cannot on the evidence presented, determine the ownership of the land at issue outside the portion recognized as the Faumuina family's communal land, either within or outside of Faumuina's survey. Therefore, no one may register the remaining portion of the land at issue at this time. Tautolo can, of course, offer to register the title to the remaining portion of the land at issue included within his present survey and attempt perfect his claim of title by this means.

## Order

1. As between Faumuina and Tautolo, the portion of the land at issue where the foundation of former sleeping quarters of Faumuina titleholders and a former Faumuina's grave are located is the Faumuina family's communal land.

2. Faumuina and Tautolo are directed to attempt to agree on the exact location of the boundary between the area determined to be the Faumuina family's communal land and the remainder of the land at issue, and if they reach agreement, to have this boundary surveyed, each paying one-half the cost. If they are unable to agree on the boundary within 90 days of entry of this order, we will determine this boundary, provided that Faumuina or Tautolo, or both of them, at their respective cost, submit a survey of his proposed boundary.

3. The Tautolo and Fa'i families may continue indefinitely to jointly occupy and use the remaining portion of the land at issue.

4. ASPA shall divide and pay the accrued and future rent for the water well site and disposal site on the remaining portion of the land at issue as

follows: (a) 60% to Tautolo; and (b) 40% to the Fa`i family.

It is so ordered.